IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES YOUNG AND JEFFREY YOUNG, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Defendant. | CV 20-84-GF-JTJ <br><br><br> **MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiffs James Young and Jeffrey Young have brought this action against defendant United Services Automobile Association (USAA) asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith. Plaintiffs invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 3).

Presently before the Court is USAA's motion to dismiss for lack of subject matter jurisdiction. USAA argues that diversity jurisdiction does not exist. Plaintiffs oppose the motion.

## DISCUSSION

### A. Motion to Dismiss Legal Standard

A motion to dismiss for lack of subject matter jurisdiction may challenge the sufficiency of the allegations of the complaint (a facial challenge), or it may challenge the truth of the allegations regarding the existence of subject matter jurisdiction (a factual challenge). See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Here, the challenge to jurisdiction is a factual challenge. USAA challenges the truth of Plaintiffs' allegations regarding the existence of diversity jurisdiction. When reviewing a factual challenge to jurisdiction, a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *Id.* The court is not required to presume the truthfulness of the plaintiffs' allegations. *Id.*

### B. Subject Matter Jurisdiction

A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the controversy "is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The diversity statute requires that each plaintiff must be a citizen of a different state than the defendant. *Allstate Ins. Co. v. Hughes*, 358

F.3d 1089, 1095 (9th Cir. 2004). Plaintiffs, as the party asserting jurisdiction, have the burden of establishing that the Court possesses subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

For purposes of determining a party's citizenship, an individual is deemed a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is deemed a citizen of both the state in which it was incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c). An unincorporated association is deemed a citizen of every state in which a member of the association is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Shultz Corp. v. Indus. Indemnity Co.*, 727 F. Supp. 1359, 1362 (D. Ore 1989).

USAA is reciprocal inter-insurance exchange. (See *Declaration of Nancy Reinhard*, Doc. 9-1 at 2). An inter-insurance exchange is an unincorporated association of individuals and businesses who pool risk by agreeing to indemnify each other against particular kinds of losses through a common attorney-in-fact. *Benham v. Woltermann*, 653 P.2d 135, 136 (Mont. 1982); 43 Am. Jur. 2d *Insurance* § 72 (2016). The policyholders of the insurance exchange, known as

"members" or "subscribers," are simultaneously both insurers and insureds. *Benham*, 653 P.2d at 136; *Staggs v. Farmers Ins. Exchange*, 2016 WL 1725302, *2 (D. Ore. April 27, 2016).

USAA is considered an unincorporated association for purposes of determining diversity jurisdiction. *United Services Automobile Association v. Cataldo*, 2015 WL 12859426, *2 (M.D. Fla. Sept. 16, 2015) (citing cases). USAA is therefore a citizen of each state in which is has a member-subscriber. *Id.*; see also, *Mid-Century Insurance Co. v. Rick's Auto Body, Inc.*, 2018 WL 11025035, *3-4 (D. Mont. April 30, 2018) (citing cases).

Plaintiff James Young is a USAA member-subscriber. (See *Declaration of Daniel Cozza*, Doc. 9-2 at 2; Doc. 13-1 at 1). James Young is a citizen of Montana. (Doc. 1 at 1; Doc. 11 at 4). Given that James Young is Montana Citizen and a USAA member-subscriber, USAA is also a citizen of Montana. Complete diversity between the Plaintiffs and USAA does not exist. The Court therefore lacks subject matter jurisdiction over this matter.

Accordingly, IT IS HEREBY ORDERED:

1.   USAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is GRANTED.

2.   The preliminary pretrial conference previously scheduled for

January 20, 2021, is VACATED.

    3.    This case is DISMISSED without prejudice.

    4.    The Clerk is directed to enter judgment accordingly.

DATED this 13th day of January, 2021.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge